**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTHER COHEN, | |
| Plaintiff, | Civil Action No. 13-5983 (MAS) (TJB) |
| v. | |
| ACB RECEIVABLES MGMT., INC., | **MEMORANDUM OPINION** |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon ACB Receivables Management, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 11.) Plaintiff Esther Cohen ("Plaintiff") filed opposition (ECF No. 12), and Defendant replied (ECF No. 13.) The Court has decided this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is granted. Plaintiff's Complaint is dismissed without prejudice and Plaintiff is granted leave to file an amended complaint.

**I.    BACKGROUND**

Plaintiff's thirty-one paragraph, factually sparse Complaint alleges that Defendant, a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), attempted to collect "an alleged" consumer debt from her. (Compl. ¶¶ 5, 22, ECF No. 1.) The Complaint alleges that Defendant's October 12, 2012, correspondence provided, "[w]e have been advised that you have applied for credit, or are checking your credit record[.]" (*Id.* ¶ 23.) Plaintiff asserts that this statement was "false and untrue." (*Id.*) Plaintiff also alleges that monitoring her credit report for inquiries "would represent an unfair and unconscionable method to collect on a debt." (*Id.* ¶ 24.)

Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot., ECF No. 11-1.) Defendant argues that Plaintiff failed to state any actionable claim under the FDCPA. (*Id.* at 1.) Defendant additionally argues that Plaintiff's vague class action claim falls short of minimal pleading standards. (*Id.*)

## II. DISCUSSION

### A. Legal Standards

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state "the-defendant-unlawfully-harmed-me[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The FDCPA states in part, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). In addition, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). The FDCPA is a remedial statute that should be construed broadly to effect its purpose. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). Accordingly, courts apply the least sophisticated debtor standard to lender-debtor communications. *See id.*; *see Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). This standard is set to "protect[] 'all consumers, the gullible as well as the shrewd.'" *Brown*, 464 F.3d at 453 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The least sophisticated debtor standard "prevents liability for bizarre or idiosyncratic interpretations . . . by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Rosenau*, 539 F.3d at 221.

In order to state a claim under the FDCPA, a plaintiff must plead sufficient facts demonstrating that: "(1) he or she is a 'consumer' . . . ; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Grant v. JP Morgan Chase Bank*, No. 12-6248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013).

### B. Plaintiff's Complaint Fails to Satisfy Rule 8(a)

Here, Plaintiff's Complaint fails to satisfy Rule 8(a). The Complaint is replete with legal conclusions and factually unsupported allegations. The only specific facts in the entire Complaint appear to be the names and addresses of the parties and the text of one sentence from Defendant's October 12, 2012, correspondence. (*See* Compl., ECF No. 1.) The Complaint's class allegations are even more general than the individual allegations.

In her opposition brief, Plaintiff argues:

> The Complaint filed in this action sought to recover damages for the Defendant's violation of the Fair Debt Collection Practices Act (the "FDCPA"). Specifically, the Complaint alleges that the Defendant violated the FDCPA's prohibition against making false or misleading statements, by falsely stating in its Collection Letter that "We have been advised that you have applied for credit, or are checking your credit record." That statement is immediately followed by a statement that "The bill referenced below is still outstanding, and must be PAID IN FULL." (emphasis in original).

(Pl.'s Opp'n Br. 2, ECF No. 12.) Plaintiff further asserts in her opposition brief that "this statement was misleading, as [Plaintiff] had not applied for credit or checked her credit report." (*Id.* at 4.) Plaintiff's opposition brief additionally references "[t]he implied threat to the Plaintiff's credit report." (*Id.* at 6.)

Significantly, most of the above allegations are not contained in Plaintiff's Complaint. Plaintiff's Complaint did not once mention the statement, "The bill referenced below is still outstanding, and must be PAID IN FULL." Instead, the Complaint solely referenced the statement, "We have been advised that you have applied for credit, or are checking your credit record." (Compl. ¶ 23.) The Complaint also did not allege that the statement was misleading "as [Plaintiff] had not applied for or checked her credit report." (Pl.'s Opp'n Br. 4.) Rather, the Complaint only alleged that the statement was "false and untrue." (Compl. ¶ 23.) Additionally, the Complaint did not allege an implied threat to Plaintiff's credit report. Moreover, Plaintiff's class allegations are

4

entirely deficient, which Plaintiff appears to recognize in her opposition brief by stating that she "has no objections to providing an Amended Class Action Complaint." (Pl.'s Opp'n Br. 7.)

The Court will not consider allegations that Plaintiff failed to include in her Complaint and only raised in response to Defendant's motion. "It is axiomatic that that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (quoting *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).) Here, Plaintiff's conclusory pleading fails to satisfy Rule 8(a)(2)'s requirement that the Complaint "show[] that the pleader is entitled to relief."

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED for failure to satisfy Rule 8(a). Plaintiff is granted leave to file an amended complaint by **September 30, 2014**. An Order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 29, 2014

5